March 31, 1993 [NOT FOR PUBLICATION]
United States Court of Appeals
For the First Circuit

No. 92-2107

ROBERT PLOUFFE, d/b/a HOBBIES UNLIMITED,

Plaintiff, Appellant,

v.

NEW PACE, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Raymond J. Pettine, Senior U.S. District Judge]

Before

Torruella, Selya, and Stahl,

Circuit Judges.

Jeffrey A. Lanphear for appellant.

Peter F. Mathieu with whom Dennis S. Baluch and Baluch, Mahoney &

Gianfrancesco were on brief for appellees.

Per Curiam. In this appeal, plaintiff-appellant

Robert Plouffe claims that the district court (1) improperly

vacated an entry of default in order to reach the merits of

his book account claim; and (2) erred when, upon reaching the

merits, it declined to pierce the corporate veil in order to

hold defendants-appellees Bruce and Pamela Ross personally

liable on the claim. Finding no error, we affirm.

I.

FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

In 1983, Bruce and Pamela Ross formed New Pace,

Inc. (hereinafter "New Pace"), a Massachusetts corporation,

in order to own and operate hobby shops in Massachusetts and

New Hampshire. From approximately 1983 to 1990, they

purchased hobby supplies for their stores from Plouffe. By

1990, however, the stores had failed, the corporation and the

Rosses were insolvent, and Plouffe was owed over $61,000.

In May of 1990, Plouffe commenced a diversity

action in Rhode Island Federal District Court against New

Pace and against the Rosses individually for the amount of

the debt. The Rosses failed to answer the complaint within

twenty days as required by Fed. R. Civ. P. 12(a), and Plouffe

promptly filed for an entry of default under Fed. R. Civ. P.

55.

Subsequent to the entry of default, New Pace

admitted liability on the full amount of the debt. The

-2-
2

Rosses, however, denying personal liability, moved to vacate

the entry of default against them. A Magistrate Judge

granted the motion to vacate, and the case went to trial.

The sole issue at the one-day bench trial was

whether the Rosses should be held personally liable for New

Pace's debt. The evidence at trial showed that New Pace had

failed to observe several corporate formalities, including

record-keeping and holding annual meetings. The corporation

had, however, filed corporate income tax returns, maintained

a separate corporate bank account, and made all payments to

Plouffe from the corporate account. Moreover, the district

court found no bad faith or misuse of the corporate form by

the Rosses. Accordingly, it declined Plouffe's entreaty to

disregard the corporate form and hold the Rosses personally

liable on New Pace's debt. As noted above, Plouffe now

argues that the district court erred in (1) vacating the

entry of default; (2) refusing to hold the Rosses personally

liable on the debt. We address these arguments in turn.

II.

DISCUSSION

A. The Default

While there is no precise formula for determining

when to set aside a default, a district court should consider

"`whether the default was willful, whether setting it aside

would prejudice the adversary, and whether a meritorious

-3-
3

defense is presented.'" Leshore v. County of Worcester, 945

F.2d 471, 472 (1st Cir. 1991) (quoting Coon v. Grenier, 867

F.2d 73, 76 (1st Cir. 1989)) (citation omitted). Our

standard of review on appeal is deferential. "A district

court's action on a motion to set aside a default lies within

the court's sound discretion and should be overturned only

for abuse of that discretion." Id. Moreover, we are guided

by the "`philosophy that actions should ordinarily be

resolved on their merits.'" Id. (quoting Coon, 876 F.2d at

76).

A careful review of the record in the instant case

satisfies us that the Magistrate Judge properly weighed the

factors of willfulness, prejudice and the merit of the

defense in vacating the entry of default. The record

presents no evidence of willful default by the Rosses;

Plouffe failed to articulate any prejudice;1 and, as is

demonstrated more fully infra, the Rosses' defense that they

were not personally liable for the debts of New Pace was

meritorious. Accordingly, we find no abuse of discretion in

the Magistrate Judge's order vacating the entry of default.2

1. Both below and on appeal, Plouffe has insisted, without
elaboration, that he was prejudiced by the passage of time
which followed the default. We agree with the Magistrate
Judge that, Plouffe's insistence aside, the record provides
no evidence of prejudice due to the passage of time.

2. Plouffe also argues that he is entitled to the cost of
personal service on New Pace and the Rosses because he served
them once by mail, received no acknowledgement, and

-4-
4

B. Piercing the Corporate Veil

Plouffe's second ground for appeal fares no better.

Relying almost exclusively on the Rosses' failure to observe

corporate formalities, Plouffe argues that the district court

erred in declining to pierce the corporate veil and hold the

Rosses personally liable on New Pace's debt.

Under Massachusetts law,3 while disregard of

corporate formalities is one factor which courts consider in

determining whether to disregard the corporate form, see

Evans v. Multicon Constr. Corp., 574 N.E.2d 395, 398-99

(Mass. App. Ct. 1991); Pepsi-Cola Metro. Bottling Co. v.

subsequently effected personal service as required by Fed. R.
Civ. P. 4(c)(2)(C)(ii). Costs are allowed in such a
situation "[u]nless good cause is shown." Fed. R. Civ. P.
4(c)(2)(D). In the instant case, the Magistrate Judge heard
evidence on the Rosses' failure to acknowledge service,
including their assertions that they were preoccupied trying
to keep their business afloat and that they had no counsel in
Rhode Island. Based on this evidence, the Magistrate Judge
determined that good cause had been shown for the Rosses'
failure to acknowledge service by mail. Plouffe v. New Pace,

Inc., 1992 WL 426456, at *1 (D.R.I. July 19, 1992).

Reviewing this determination under an abuse of discretion
standard, Coon, 867 F.2d at 76, we find nothing in the record

which would warrant reversing the Magistrate Judge's finding
of good cause.
To the extent that Plouffe seeks other costs and
attorney's fees, he does so in a perfunctory manner. We have
often warned that arguments made in a perfunctory manner,
unaccompanied by some effort at developed argumentation, are
deemed waived. Federal Deposit Ins. Co. v. World Univ.,

Inc., 978 F.2d 10, 15 (1st Cir. 1992). Accordingly, we

reject Plouffe's additional requests for costs and attorney's
fees.

3. The parties do not dispute that Massachusetts law governs
the issue of whether the Rosses are to be held personally
liable for New Pace's debts.

-5-
5

Checkers, Inc., 754 F.2d 10, 14-16 (1st Cir. 1985) (applying

Massachusetts law), it is by no means the sole determinative

factor. Rather, courts examine a series of factors to "form

an opinion whether the over-all structure and operation

misleads." Evans, 574 N.E.2d at 400. Of paramount

importance is the fact that, without exception, "[t]here is

present in the cases which have looked through the corporate

form an element of dubious manipulation and contrivance,

finagling, such that corporate identities are confused and

third parties cannot be quite certain with what they are

dealing." Id.

After hearing Bruce Ross's testimony and reviewing

all of the evidence at trial, the district court specifically

found no such dubious manipulation or contrivance on the part

of the Rosses.4 We find nothing to suggest that this

factual finding was erroneous.

In addition, while the Rosses' record-keeping was

clearly insufficient under Massachusetts law, we note that

New Pace met its corporate obligations at least to the extent

that it (1) filed corporate tax returns; (2) maintained a

separate corporate bank account; and (3) paid Plouffe

exclusively from this corporate account. In sum, the record

4. In its final order, the district stated: "There is simply
no doubt that the defendant, Mr. Ross, is not a conniver. He
is merely unsophisticated and ignorant of corporate
niceties."

-6-
6

offers no evidence suggesting that the Rosses' conduct rose

to a level which justifies disregarding the corporate form.

Accordingly, we decline to disturb the district court's

verdict in favor of the Rosses.5

III.

CONCLUSION

For the foregoing reasons, the order of the

district court is affirmed.

5. Plouffe also argues that the Rosses assumed or admitted
personal liability on New Pace's debt when Bruce Ross sent a
letter to his creditors, including Plouffe, promising to
repay his debts. It is well established that where an
individual assumes personal responsibility for a corporate
debt due to a belief that s/he is morally, though not
legally, inclined to do so, such an agreement is gratuitous
and unenforceable due to lack of consideration. See, e.g.,

Gishen v. Dura Corp., 285 N.E.2d 117, 123 (Mass. 1972).

Bruce Ross's testimony at trial, as well as his letter
promising to pay New Pace's debts, established that his
promise to pay was exactly such a gratuitous promise.
Accordingly, we agree with the district court's finding of
unenforceability.
In addition, Plouffe raises issues of unjust
enrichment and quasi-contract. To the extent that these
arguments were made to the district court, they were offered
for the first time in a perfunctory manner in a post-trial
memorandum. It is well settled that "arguments made in a
perfunctory manner below are deemed waived on appeal." World

University, 978 F.2d at 16. Thus, we treat Plouffe's unjust

enrichment and quasi-contract arguments as waived. Moreover,
even if we were to reach these arguments on their merits, our
decision that Plouffe contracted with New Pace, and not with

the Rosses, would preclude Plouffe from recovering against
the Rosses on theories of unjust enrichment and quasi-
contract.
Finally, to the extent that Plouffe raises other
arguments on appeal (such as his insistence that the district
court should have levied sanctions and entered summary
judgment in his favor), they are meritless and are rejected
without further comment.

-7-
7